

# NUMBER 13-18-00324-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RAMSEY ORLANDO GUERRERO,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

### On appeal from the 36th District Court
### of San Patricio County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Perkes**
**Memorandum Opinion by Justice Hinojosa**

Appellant Ramsey Orlando Guerrero pleaded guilty to the offense of unlawful possession of a firearm by a felon, a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 12.34, 46.04. The trial court sentenced appellant to five years' imprisonment in Institutional Division of the Texas Department of Criminal Justice with a $1000 fine, suspended the sentence, and ordered five years of community supervision. *See* TEX.

CODE CRIM. PROC. ANN. art. 42A.751.   The State later filed a motion to revoke community supervision, alleging four violations of his community supervision terms.[1]   The trial court, after a hearing, ruled that all four violations were "true" and granted the motion to revoke.

Appellant appeals the revocation of his community supervision.   Appellant's court-appointed counsel, however, has filed an *Anders* brief stating that there are no arguable grounds for appeal.   *See Anders v. California*, 386 U.S. 738, 744 (1967).   We affirm.

## I.     *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and has found no non-frivolous grounds for appeal.   *See id.*   Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.   *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))).

---

[1] The State alleged that Guerrero violated the following terms of his community supervision:

    (1) Intentionally and knowingly possessing a firearm before the fifth anniversary of his release from community supervision;
    (2) Associating with a person with a felony criminal record;
    (3) Failing to report his arrest of felon in possession of a firearm to his probation officer within two days of the arrest; and
    (4) Violating his community supervision curfew with required him to remain in his residence from 10:00 p.m. to 5:30 a.m. daily.

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court, in writing, that counsel has: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of appellant's rights to file a pro se response,[2] review the record preparatory to filing that response, and seek discretionary review if the court of appeals concludes that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record, lacking only appellant's signature and the date and including the mailing address for the court of appeals, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–19; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Appellant requested, and has been provided, pro se access to the appellate record. However, an adequate time has passed, and appellant has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and found nothing

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

that would arguably support an appeal. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

## IV.  CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of August, 2019.